# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1215V
Filed: March 21, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHRISTINA MARSHALL, | * |
| | * |
| Petitioner, | * |
| v. | *   Attorneys' Fees and Costs; |
| | *   Appropriate Hourly Rate; |
| SECRETARY OF HEALTH | *   Rate for Travel; Special |
| AND HUMAN SERVICES, | *   Processing Unit ("SPU") |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Wilson, Ph.D., Maglio, Christopher and Toale, PA, Washington, DC, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 16, 2015, Christina Marshall ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a right shoulder injury causally related to the influenza vaccination she received on October 6, 2014. Petition at ¶¶ 2-3, 18. On June 29, 2016, the undersigned issued a decision awarding $111,462.21 in compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 27). Judgment entered on July 8, 2016. (ECF No. 29).

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 2, 2016, petitioner filed a motion requesting **$20,391.60** in attorneys' fees and **$1,894.79** in attorneys' costs for a total amount of **$22,286.39**. Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶¶ 3-4, 9 (ECF No. 32). Petitioner incurred no out-of-pocket expenses.[3]

On January 19, 2017, respondent filed a response to petitioner's motion. (ECF No. 33). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On January 30, 2017, petitioner filed a reply. (ECF No. 34). Petitioner argues that respondent incorrectly asserts that he has no role to play in the determining the appropriate amount of attorneys' fees and costs in vaccine cases. *Id.* at 2. Petitioner maintains that "[i]f Respondent finds a request to pay attorneys' fees or reimburse case costs to be unreasonable, it is Respondent's responsibility to present evidence of such to the Court." *Id.* Petitioner asserts she has provided sufficient evidence to support her request. *Id.* at 3.

Since petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added). In support of the rates requested, petitioner cites numerous recently issued fee decisions. *Id.* at 4. However, lower rates were awarded in the three fee decisions issued by the undersigned. *See Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V, 2016 WL 8257673 (Fed. Cl. Spec. Mstr. Oct. 27, 2016); *McCosh v. Sec'y of Health & Human Servs.*, No. 14-1089V, 2016 WL 8376852 (Fed. Cl. Spec. Mstr. Nov. 7, 2016); *Kaufman v. Sec'y of Health & Human Servs.*, No. 15-1045V, 2016 WL 8347656 (Fed. Cl. Spec. Mstr. Nov. 7, 2016). In accordance with the reasoning set forth in those decisions, the undersigned reduces the rates requested in this case for petitioner's counsel, Amber Wilson, from $295.00 for work performed in 2015 and $301.00 for work performed in 2016 to $275.00 per hour for work performed in both years. *See Solomon*, 2016 WL 8257673, at *5-7; *McCosh*, 2016 WL 8376852, at *2-4; *Kaufman*, 2016 WL 8347656, at *2-5. Petitioner is awarded attorneys' fees at the rates requested for the paralegals who worked on this case and for .5 hours of work performed by another attorney at the firm. *See* Exhibit 20, filed as the 1st Attachment to Pet. Motion. The amount of attorneys' fees requested is reduced by $<u>434.00</u> for 2015 work and $<u>769.60</u> for 2016 work. *See id.*

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. *See* Exhibit 22, filed as the 3rd Attachment to Pet. Motion. Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred no out-of-pocket expenses. *See* Pet. Motion at ¶ 6.

Petitioner also requests the full hourly rate for time petitioner's counsel spent traveling. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Petitioner properly separates the time spent by petitioner's counsel traveling to and from her meeting with petitioner from the time spent in the meeting. *Compare* Exhibit 20 at 6 (1st Entry dated Sept. 17, 2015) *with* Exhibit 20 at 6 (2nd Entry, dated Sept. 17, 2015). Petitioner does not indicate that petitioner's counsel performed any substantive work during the three travel hours. *See* Exhibit 20 at 6 (1st Entry, dated Sept. 17, 2015). Petitioner is awarded attorneys' fees at a rate which is 50% petitioner's counsel's normal rate for this travel time. Thus, the award of attorneys' fees is further reduced by $412.50.

The undersigned awards **$18,775.50** in attorneys' fees and **$1,894.79** in attorneys' costs for a total award of **$20,670.29[4] payable jointly to petitioner and petitioner's counsel, Amber Wilson.** Per petitioner's request, the check is should be forwarded to the following address: Maglio, Christopher and Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.